REINHARDT, Circuit Judge,
dissenting:
“No person who has attained 60 years of age before the date of enactment of this section may serve as a pilot for an air carrier engaged in covered operations unless ... such person is in the employment of that air carrier in such operations on such date of enactment as a required flight deck crew ' member.” 49 U.S.C. § 44729(e)(1)(A).
Statutory construction is frequently not easy. For that reason I set forth the sentence we are construing at the top of this dissent. In this case, however, a plain reading of the statutory language would seem to provide a clear answer to the question before us. Henry Weiland was “in the employment” of American Airlines on December 13, 2007. American Airlines was at the time engaged in part 121 operations, so that it was “in such operations” for purposes of § 44729(e)(1)(A). Weiland was a pilot and check airman, and a pilot, as the majority acknowledges, certainly is a “required flight deck crew member.” Weiland was thus “in the employment of [an air carrier engaged in covered operations] on such date of enactment as a *1116 required flight deck crew member.” He needs no more to prevail.
The majority argues that Weiland could not have been employed “in such operations” because he “could not have been lawfully engaged in any such operations on December 13, 2007.” The phrase “in such operations” in § 44729(e)(1)(A), however, modifies “air carrier,” not “person.” By “such operations” Congress referred to “covered operations,” which are in turn defined as “operations under part 121.” See 49 U.S.C. § 44729(b), (e)(1). Part 121 operations are the “operations of each person who holds or is required to hold an Air Carrier Certificate or Operating Certificate under part 119.” 14 C.F.R. § 121.1(a). Air Carrier Certificates or Operating Certificates are held by airlines, not by the individual pilots employed by airlines. It is thus American Airlines, not Weiland, who holds an “Air Carrier Certificate,” and it follows that the only entity that may properly be said to engage in “part 121 operations” is American Airlines, not Weiland. This common sense conclusion is reinforced by part 119, which defines by reference the scope of part 121 operations, and which “applies to each person operating or intending to operate civil aircraft ... [a]s an air carrier or commercial operator, or both, in air commerce.” 14 C.F.R. § 119.1(a)(1). A pilot employed by an airline does not himself “operate civil aircraft as an air carrier or commercial operator.” The airline does. In sum, the statutory and regulatory scheme make it clear that the phrase “in such operations” in § 44729(e)(1)(A) qualifies “air carrier” and not “person” (the airline’s individual pilot).
Even were we to assume that “in such operations” refers to Weiland, however, that section does not say that in order to qualify for the exception a person must be actually “engaged,” or even “able to lawfully engage,” in covered operations on the
date of enactment. It only says that such person must be “in the employment of’ the airline in covered operations on that date, and all parties agree that Weiland was in the employment of American Airlines on the relevant date. Aside from the Rule of 60, there are many reasons why an otherwise qualified pilot in the employment of an airline may not be able to lawfully operate a commercial aircraft on a given day. For example, he may have flown on a number of days or hours the preceding day or days that required him to be off duty on the day in question. See 14 C.F.R. §§ 117.5, 117.23, 117.25; see also id. § 91.17(a)(2) (intoxication); id. § 91.17(a)(3) (use of certain drugs). Thus, under the majority’s logic, someone who would otherwise qualify for the exception but who happened to be on his “required rest period” on December 13, 2007 would not qualify because, as the majority says, he “could not have been lawfully engaged in any such operations on December 13, 2007.” See 14 C.F.R. § 117.25(a) (“No certificate holder may assign and no fli-ghtcrew member may accept assignment to any ... duty with the certificate holder during any required rest period.”). Similarly, otherwise qualifying pilots taking certain prescription drugs, or who consumed alcohol on December 13, 2007, would not qualify for the exception. See id. § 91.17(a)(2) (“No person may act ... as a crewmember of a civil aircraft ... [wjhile under the influence of alcohol.”); id. § 91.17(a)(3) (“No person may act ... as a crewmember of a civil aircraft ... [wjhile using any drug that affects the person’s faculties in any way contrary to safety.”).
The majority also argues that Weiland was not a “required flight deck crew member” because far from being “required” he was in fact “prohibited from being a ‘flight deck crew member.’ ” The question, however, is not whether Weiland was himself *1117 individually required, but whether “pilots,” as a category, are “required.” In fact, under the majority’s logic no one in a major airline would probably qualify because it can hardly be said that any individual pilot is truly “required.” Except in exceptional circumstances, there will likely be a replacement reasonably available. Furthermore, as with the majority’s first argument, it follows from the majority’s reasoning that someone who was disqualified from lawfully operating a commercial aircraft on December 13, 2007 for any of the multiple reasons that I mentioned above would not be a “required flight deck crew member” and would not qualify for the exception in § 44729(e)(1)(A).
I doubt that is what Congress intended, and it is certainly not what it wrote in the statute. The exception it made for pilots who were 60 as of the date of enactment and employed by the air carrier on that date fits Weiland to a T. I respectfully dissent.